IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:20-CV-177-FL

| | |
|---|---|
| AMY JO CIOFFI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| RONNIE T. INGRAM, Lenoir County ) | |
| Sheriff, and DAWN STROUD, Lenoir ) | |
| County Superior Court Clerk, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on plaintiff's motion to strike. (DE 39). Defendants have not responded, and the time to do so has expired. For the following reasons, plaintiff's motion is granted.

## BACKGROUND

Plaintiff commenced this action pro se on September 21, 2020, and filed the operative amended complaint on September 25, 2020, asserting claims for violation of her Second and Fourteenth Amendment rights, pursuant to 42 U.S.C. § 1983, arising from an alleged incorrect entry in the National Instant Criminal Background Check System. On May 11, 2021, the court denied motion to dismiss filed by defendant Ronnie T. Ingram ("Ingram") and granted in part and denied in part motion to dismiss filed by defendant Dawn Stroud ("Stroud"), dismissing plaintiff's claims for declaratory relief but allowing her claims for injunctive relief to proceed. The following day, the court entered initial order on planning and scheduling.

Defendant Ingram answered plaintiff's amended complaint May 19, 2021, asserting qualified immunity and sovereign or governmental immunity as affirmative defenses. Shortly thereafter,

plaintiff filed the instant motion to strike defendant Ingram's affirmative defenses. On June 1, 2021, the parties jointly moved to stay scheduling conference activities and to compel a court-hosted settlement conference. The court granted the motion to stay by text order entered June 16, 2021, which directs the parties to propose on or before June 30, 2021, three dates of availability for court-hosted settlement conference.

## COURT'S DISCUSSION

Plaintiff moves to strike defendant Ingram's affirmative defenses of qualified immunity and sovereign or governmental immunity. A district court may, on motion of a party or on its own initiative, strike from a pleading an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The decision whether to grant or deny a motion to strike is within the discretion of the district court. See United States v. Ancient Coin Collectors Guild, 899 F.3d 295, 324 (4th Cir. 2018). "Rule 12(f) motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (internal quotations omitted). "Nevertheless, a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted." Id. (internal quotations omitted).

Here, plaintiff is not seeking monetary damages, and only her claims for prospective injunctive relief remain. (See Am. Compl. (DE 5) at 9; Order (DE 36) at 16). As a result, qualified immunity and sovereign immunity do not constitute valid defenses to this action. See Pearson v. Callahan, 555 U.S. 223, 242-43, (2009) (indicating that the defense of qualified immunity is not available in § 1983 cases against individuals where injunctive relief is sought); Lefemine v. Wideman, 672 F.3d 292, 303–04 (4th Cir. 2012) (noting that "[c]laims for declaratory

and injunctive relief are not affected by qualified immunity"); Cromer v. Brown, 88 F.3d 1315, 1332 (4th Cir. 1996) ("Eleventh Amendment immunity does not protect state officials in their official capacities from § 1983 claims for injunctive relief."). Accordingly, plaintiff's motion to strike is granted.

## CONCLUSION

Based on the foregoing, plaintiff's motion to strike (DE 39) is GRANTED. The court STRIKES defendant Ingram's affirmative defenses of qualified and sovereign or governmental immunity.

SO ORDERED, this the 17th day of June 2021.

_____
LOUISE W. FLANAGAN
United States District Judge